IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 25-cv-03275-GPG

DANIEL ORTIZ ROSALES,

     Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility, Aurora, Colorado, in his
official capacity,
ROBERT GAUDIAN, Field Office Director, Denver Field Office, U.S. Immigration and Customs
Enforcement, in his official capacity,
KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity,
TODD LYONS, Acting Director of Immigration and Customs Enforcement, in his official
capacity, and
PAM BONDI, Attorney General, U.S. Department of Justice, in her official capacity,

     Respondents.

---

# ORDER

---

     Before the Court are the Verified Petition for Writ of Habeas Corpus (Petition) (D. 1). The

Court GRANTS IN PART the Petition. Because the briefing demonstrates that Petitioner Daniel

Ortiz Rosales's challenge is fundamentally legal in nature, the Court declines to hold a hearing

regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

## I.  BACKGROUND

     This case is one of numerous cases in this District and across the country seeking habeas

relief for immigrants detained within the United States and denied detention hearings under a new

interpretation of 8 U.S.C. §§ 1225, 1226.

Petitioner has lived in the United States for nearly twenty years (D. 1 at 2).[1]  He graduated from Durango High School, attended San Juan College, and works in construction (*id*.).  He does not have any criminal convictions (*id*.).

In 2014, Petitioner filed a Form I-821D, Consideration of Deferred Action for Childhood Arrivals (DACA) with U.S. Citizenship and Immigration Services (USCIS) (D. 21-1 at 3).  His DACA petition was approved and renewed once, expiring in 2022 (*id*.).

On October 12, 2025, U.S. Immigration and Customs Enforcement (ICE) took Petitioner into custody (D. 21-1 at 3).

At least at the time the Petition was filed, Petitioner was held by ICE at its facility in Aurora, Colorado, without release on bond or a bond hearing (*id*. at 3).

## II.  LEGAL STANDARD

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241.  The individual in custody bears the burden of proving that his detention is unlawful.  *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. ANALYSIS

As one among many similar cases, the issues presented here have been litigated before.  Respondents-Defendants (Respondents) raise essentially identical arguments to those that they raised in prior cases in this District.  *Compare* D. 17 *with Garcia Cortes v. Noem*, No. 1:25-CV-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) ("First, that the Court lacks

---

[1] The Court takes its facts from the Petition, which is verified (D. 1 at 16).  Defendants do not challenge any of the facts stated in the Petition, only the legal conclusions (*see* D. 21 at 6–8).

jurisdiction 'to review ICE's initiation of removal proceedings under 8 U.S.C. § 1252.' ECF No. 7 at 7. Second, that even if the Court has jurisdiction, it 'should find that Petitioner is properly detained' under 8 U.S.C. § 2552(b)(2)(A) because he falls under the statute. *Id*. Third, that Petitioner has received adequate process. *Id*."). These arguments have been considered and rejected by other Judges in this District. *Id*.; *Mendoza Gutierrez v. Baltasar*, No. 25-CV-2720-RMR (D. Colo. Oct. 17, 2025), ECF 33. Respondents make no attempt to distinguish the authority rejecting their arguments.[2] The Court finds the prior decisions from this District noted above entirely persuasive and adopts their analysis.

Accordingly, the Court finds that it has jurisdiction to hear Petitioner's challenge to his detention because his "claims are legal in nature and challenge specific conduct unrelated to removal proceedings." *Garcia Cortes*, 2025 WL 2652880, at *2. Because Petitioner was not detained while attempting to enter the country and does not have other circumstances that would subject him to mandatory detention, "Petitioner is not subject to § 1225(b)(2)(A)'s mandatory detention provision, nor does he fall outside of § 1226(a)'s discretionary detention provision based on any § 1226(c) exceptions" and "Respondents were wrong to detain him without an opportunity to seek release on bond." *Id*. at *3. "At bottom, the Court agrees with other courts that have,

---

[2] The one case reaching a contrary result discussed by Respondents, *Chavez v. Noem*, No. 3:25-CV-02325-CAB-SBC, 2025 WL 2730228 (S.D. Cal. Sept. 24, 2025), is not persuasive. As other courts have judiciously explained, *Chavez* relies on a flawed analyses of only an incomplete portion of the statutory provision at issue. *Cerritos Echevarria,* v. *Bondi*, No. CV-25-03252-PHX-DWL-ESW, 2025 WL 2821282, at *4, *8 (D. Ariz. Oct. 3, 2025); *Cordero Pelico*, , v. *Polly Kaiser*, No. 25-CV-07286-EMC, 2025 WL 2822876, at *14 (N.D. Cal. Oct. 3, 2025) ("Petitioners here agree that they are 'applicants for admission.' They contest whether they are 'applicants for admission . . . *seeking admission*' within the scope of 1225(b)(2), an issue the [*Chavez*] district court did not address at all.").

against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation." *Id*. at *4 (collecting cases).[3]

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Petition (D. 1) is GRANTED IN PART, to the extent Petitioner seeks a bond hearing at which Respondents bear the burden of proof of showing his continued detention is proper and was proper at the time of his arrest. *See Batz Barreno v. Baltasar*, No. 25-cv-3017-GPG, ECF No. 18 (Nov. 14, 2025). Respondents shall provide Petitioner with a bond hearing under § 1226(a) within SEVEN DAYS of this Order. Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to § 1225. Respondents are further ORDERED to file a status report within FIVE DAYS of Petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial. Such status update shall also include as an attachment any warrant justifying Petitioner's detention at the time he was detained.

The Court further converts its previously issued Temporary Restraining Order (D. 15) into a preliminary injunction: Pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and in order to preserve the Court's jurisdiction, Defendants SHALL NOT REMOVE Petitioner from the District of Colorado or the United States unless or until this Court or the Court of Appeals for the Tenth Circuit vacates this Order or the case is terminated.

---

[3] Respondents cite this Court's decision in *Bonilla Espinoza v. Ceja*, 25-cv-01120 (D. Colo. May 21, 2025), ECF No. 11 at 21. That case, unlike this one, dealt with a circumstance where the statutory scheme allowed for detention without hearing. *Id*. In this instance, the statutory scheme *requires* Petitioner be provided a bond hearing. Therefore, failure to do so violates due process.

DATED November 16, 2025.

BY THE COURT:

_____
Gordon P. Gallagher
United States District Judge